IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **HOLLY D. REUTTER** | * |
| | * |
|    **Plaintiff,** | * |
| | * |
| v. | *   Civil Case No. ELH-14-3240 |
| | * |
| **COMMISSIONER, SOCIAL SECURITY** | * |
| | * |
|    **Defendant.** | * |
| | * |

*************

### REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-motions for summary judgment, and the Commissioner's Supplemental Brief. [ECF Nos. 19, 20, 22]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that the Court grant the Commissioner's motion, deny Ms. Reutter's motion, and affirm the judgment of the Commissioner.

Ms. Reutter protectively filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on February 24, 2011, and March 28, 2011, respectively. (Tr. 221-22, 336-47). Her applications were denied initially on May 2, 2011, and on reconsideration on September 12, 2011. (Tr. 254-58, 261-66). An Administrative Law Judge ("ALJ") held a hearing on March 22, 2013, at which Ms. Reutter was represented by counsel. (Tr. 162-92). Following the hearing, the ALJ determined that Ms. Reutter was not disabled

within the meaning of the Social Security Act during the relevant time frame. (Tr. 139-60). The Appeals Council ("AC") granted Ms. Reutter's request for review, and on August 27, 2014, it also determined that Ms. Reutter was not disabled during the relevant time frame. (Tr. 1-9). The AC's decision constitutes the final, reviewable decision of the agency.

The AC found that Ms. Reutter suffered from the severe impairments of chronic pain syndrome for abdominal pain, history of endometriosis, irritable bowel syndrome, obesity, depression, borderline personality disorder, and opioid dependence. (Tr. 6). The AC determined that, due to her impairments, Ms. Reutter was limited to performing:

> medium work with the following non-exertional limitations: can [sic] crouch, crawl, stoop, squat, kneel, and climb stairs, but due to medications, balancing should be limited to occasional; no work that requires the use of dangerous heights, dangerous machinery or scaffolds; no work around concentrated exposure to heat; moderate limitations in daily activities of daily living; socialization; and in concentration and persistence. No episodes of decompensation of extended duration from the onset date forward. In addition, limited to working with simple instructions, no detailed instructions; limited to entry level workplace stress; maintain the ability to concentrate at the level of complexity of SVP 2 over an extended period of time: 2 hours at a time; can perform within a schedule, be on time, produce an adequate amount of work during the workday, and tolerate work breaks to what employer permits. In respect to concentration and working within a schedule, the claimant can perform satisfactorily; other people can be distracting, but can nevertheless work within the general vicinity of other people; the boss may be a problematic figure, but with some reminding and self-coaching, the claimant can tolerate the boss; further reason to limit to simple work: simple work removes the prospect of a lot of interference form the boss and would make the workday easier and easier to tolerate. For purposes of lowering the work stress, the claimant is limited to the general public to occasional at most because it is more stressful to deal with the public. Changes in the work routine can be stressful. Limiting to simple work will help here. If the hypothetical individual has a history or tendency to cry or get noticeably upset, limiting to general contact with the public, lowering boss contact, and limiting to simple work should go a long way to relieving that.

(Tr. 6-7). Despite her impairments, the AC determined that Ms. Reutter could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 7).

Ms. Reutter disagrees. She raises two primary arguments on appeal: (1) that the ALJ erred in evaluating the opinion of her treating psychiatrist, Dr. Shabash; and (2) that the ALJ erred in evaluating her credibility. As explained below, both arguments lack merit.

First, Ms. Reutter's arguments take issue with the opinion of the ALJ, rather than that of the AC. However, as noted above, this Court has the authority to review the "final decision" of the agency, which, in this case, is the decision of the AC. *See* 20 C.F.R. §§ 404.900, 416.1400. Because the AC adopted certain findings of the ALJ, this Report and Recommendations will consider Ms. Reutter's arguments as they apply to both the AC's decision and the ALJ's opinion as adopted therein.

Ms. Reutter first takes issue with the Agency's evaluation of Dr. Shabash's opinions in light of the subsequent State agency physician's opinion, which she contends was consistent with Dr. Shabash's opinions. Notably, the AC decision expressly addressed Ms. Reutter's arguments, which she also raised in a June 3, 2014 letter to the AC. (Tr. 4, 504-06). With respect to Dr. Shabash's opinions, the AC stated:

> the Administrative Law Judge considered both of these opinions and gave both of them little weight because it [sic] goes beyond the claimant's mental status exam and level of functionality reported both on her function report and in therapy sessions and the opinion from the State Agency was based on the treating physician's opinion (Decision, page 9). The Administrative Law Judge stated reliance upon exhibits 10E/3-5; 24F/1; 25F/38, 68; 47F/1 and 50F/2, 97, 104, 128. These exhibits are treating notes spanning several years. This longitudinal history reports the claimant showing, among other things, intact cognition and depressed mood with appropriate affect as well as GAF scores in the 50s. The Appeals Council finds that the Administrative Law Judge's assignment of weight to the opinions of the State Agency medical consultant and Dr. Shabash is supported by substantial evidence and thus, the Appeals Council finds the contentions do not warrant any change in the Administrative Law Judge's decision.

(Tr. 4). I agree with the AC's assessment of the ALJ's evaluation of the opinions of Dr. Shabash and the State agency physician.

3

Moreover, even if the ALJ's evaluation were insufficient, the additional explanation set forth in the AC decision provides substantial evidence in support of the assignment of little weight to those opinions and is consistent with Social Security regulations. The Fourth Circuit first set forth parameters for evaluating medical opinions of treating physicians in *Craig*, 76 F.3d at 590, which were later refined by amendments to 20 C.F.R. §§ 404.1527 and 416.927. *See Pitman v. Massanari*, 141 F. Supp. 2d 601, 608 (W.D.N.C. 2001). When a medical opinion is from a "treating source," it is given controlling weight only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). If a treating source's medical opinion is not assigned controlling weight, however, in determining the weight to give the opinion, the ALJ should consider: (1) the length of the treatment relationship and its nature and extent; (2) the supportability of the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the source is a specialist; and (5) any other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(c), 416.927(c). When an ALJ considers the findings of a State agency consultant, the ALJ must evaluate the findings using the same factors applicable to other medical opinion evidence. 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2). In this case the AC determined that the assignment of little weight to the opinions was appropriate because they were inconsistent with the longitudinal history of the treatment records from both Dr. Shabash and other mental health professionals. The AC also noted that the State agency opinion was based on Dr. Shabash's opinion, which was entitled to little weight. Because the AC considered both the supportability of the opinions and their consistency with the record as a whole, I recommend that the Court determine that the AC provided substantial evidence in support of its evaluation of the opinions.

Ms. Reutter also contends that in assessing her credibility, the ALJ mischaracterized her ability to perform activities of daily living ("ADLs"). Because the AC adopted the ALJ's evaluation of Ms. Reutter's credibility without setting forth any additional explanation, I will review that component of the ALJ's decision. The Fourth Circuit has developed a two-part test for evaluating the credibility of a claimant's subjective complaints. *Craig*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects her ability to work." *Id.* at 595. When engaging in the second prong of the credibility analysis, in addition to objective medical evidence, the ALJ is instructed to consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication; (5) other treatment the claimant has received for relief of the her symptoms; (6) any other measures the claimant has used to relieve her symptoms; and (7) other factors concerning her limitations and restrictions. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

In this case, the ALJ determined that although Ms. Reutter's medically determinable impairments could reasonably be expected to cause her alleged symptoms, her subjective complaints were not entirely credible. (Tr. 147). In addition to the medical evidence, the ALJ cited Ms. Reutter's ADLs, her testimony that she can pay attention for two hours at a time, her statements to her therapist concerning creating stomach pain to get pain medications prescribed, and her dog walking business. *Id.* Ms. Reutter contends that the ALJ's credibility analysis is not supported by substantial evidence because the ALJ mischaracterized her ADLs. However, after reviewing the adult function report cited by the ALJ in support of her summary of Ms. Reutter's

5

ADLs, I find that the ALJ did not mischaracterize the evidence.  For example, in the adult function report, although Ms. Reutter described sleeping much of the day, she also stated that she reads, watches television, and plays video games "very well," and that she does at least one of those activities every day.  (Tr. 453-60).  While Ms. Reutter described difficulty interacting with others, she also stated that she spends time with close friends on a fairly regular basis.  *Id.*; *see also* (Tr. 170).  The ALJ documented both Ms. Reutter's subjective complaints concerning her limitations and the evidence she found inconsistent with those complaints, and her opinion does not misrepresent Ms. Reutter's ADLs.  Ms. Reutter's argument thus effectively asks the Court to re-weigh the evidence and substitute its judgment for that of the ALJ, which the Court is not permitted to do.  Accordingly, I recommend that the Court determine that the ALJ properly considered Ms. Reutter's ADLs in assessing her credibility.

Ms. Reutter also takes issue with the ALJ's characterization of the treatment note indicating that she "discussed the possibility that she creates stomach pain to get hospitalized and then get pain meds."  (Tr. 913).  Although the ALJ omitted the word "possibility" from his consideration of that treatment note, the ALJ did not state, as Ms. Reutter contends, that Ms. Reutter "admitted" to creating stomach pain.  Pl. Mem. 21.  Rather, the ALJ's discussion is ambiguous, stating only that Ms. Reutter "discussed" creating stomach pain with her therapist.  (Tr. 147).  Accordingly, the ALJ's omission of the word "possibility" was more of an oversight than a mischaracterization of the treatment note.  Furthermore, while the treatment note does not make clear whether Ms. Reutter admitted to such behavior, it also does not indicate that she denied engaging in that behavior.  Despite the apparent ambiguity of the treatment note, it remains probative of Ms. Reutter's credibility as it indicates that either Ms. Reutter or, more likely, her therapist considered it a possibility that Ms. Reutter's complaints of stomach pain

were not legitimate. I thus recommend that the Court determine that the ALJ properly considered the treatment note in evaluating Ms. Reutter's credibility.

Finally, while this case was pending, the Fourth Circuit issued a published decision in *Mascio v. Colvin*, a Social Security appeal from the Eastern District of North Carolina. In *Mascio*, the Fourth Circuit determined remand was warranted for several reasons, including a discrepancy between the ALJ's finding at step three concerning the claimant's limitation in concentration, persistence, and pace, and his RFC assessment. 780 F.3d 632, 638 (4th Cir. 2015). In this case, because the step three determination that Ms. Reutter suffered from moderate difficulties in concentration, persistence, or pace, at step three of the sequential evaluation, appeared to implicate *Mascio*, the Court invited the parties to submit supplemental briefing concerning whether *Mascio* necessitated remand. I have considered the Commissioner's supplemental brief, and I agree that this case is critically distinguishable from *Mascio* due to the fact that the non-exertional limitations in the RFC assessment expressly account for the step three finding concerning concentration, persistence, or pace. Accordingly, the Fourth Circuit's holding in *Mascio* does not require remand in this case.

## II.    CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT Defendant's Motion for Summary Judgment [ECF No. 20];

2. the Court DENY Plaintiff's Motion for Summary Judgment [ECF No. 19];

3. the Court AFFIRM the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g);

4. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

## III. NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: August 20, 2015                                            /s/
                                                               Stephanie A. Gallagher
                                                               United States Magistrate Judge